# In the United States District Court for the Southern District of Georgia Waycross Division

```
RHONAL DIXON,

     Plaintiff,
                                          CV 523-014
     v.

LEN DAVIS, WILL KIRTON, MARK
STONE, OLIVER LOGGING COMPANY,
INC., TIMOTHY SKYLER OLIVER,
TOMMY BROWN and B. BROWN
TRUCKING, LLC,

     Defendants.
```

**ORDER**

Plaintiff initiated this civil rights action on February 21, 2023. Dkt. No. 1. On February 22, 2023, summons were issued as to each Defendant, including Defendant Tommy Brown. Dkt. No. 4. Defendant Brown was served on May 20, 2023, dkt. no. 5-1, making his responsive pleading due June 12, 2023. Defendant Brown filed no answer, and upon Plaintiff's motion, dkt. no. 14, the Clerk entered default against him on June 22, 2023, dkt. no. 15.

On July 12, 2023, Defendant Brown filed with the Court a letter addressed to the Clerk of Court. Dkt. No. 21. In the letter, Defendant Brown explains a series of medical events involving different members of his family, including his wife, which occurred after he was served with process. See id.

Defendant Brown also explains that he is 73 years old, and he does not have the money to hire a lawyer to defend him. See id. The Court construes Defendant Brown's letter as a motion to set aside an entry of default.

## BACKGROUND

Plaintiff alleges in the complaint that Defendant Brown and the other Defendants removed trailers from Plaintiff's possession, even after Plaintiff informed them that the trailers had been purchased and did not belong to any of the Defendants. Dkt. No. 1 at 5-6. Plaintiff asserts against Defendant Brown, among others, claims for violation of his civil rights, conversion, trover and trespass, id. at 7-10; Plaintiff also seeks attorney's fees and actual and punitive damages, id. at 11.

## LEGAL AUTHORITY

A motion to set aside an entry of default is analyzed under Federal Rule of Civil Procedure 55(c). Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014). Rule 55(c) provides that a "court may set aside an entry of default for good cause."

"In determining whether 'good cause' has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was

2

significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." S.E.C. v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996)).

## DISCUSSION

Defendant Brown was served with process in this matter on May 20, 2023. Dkt. No. 5-1. He explains that on June 1, 2023, his wife was diagnosed with atrial fibrillation, and, on June 16, 2023, she underwent a cardioversion. Dkt. No. 21. Around the same time, Defendant Brown's wife, a breast-cancer survivor, underwent a CT scan which revealed a small mass in her right lung. Id. She will undergo a bronchoscopy in the near future. Id. Meanwhile, on June 11, 2023, Defendant Brown's brother-in-law became ill from salmonella that evolved into septicemia, which eventually caused his death on June 30, 2023. Id. Defendant Brown's motion is dated July 8, 2023 (filed July 12, 2023). Id. He explains he is "not a negligent person" and that, due to the above, his "mind wasn't focused on [him]self." Id.

The Court now turns to the good cause factors enumerated in Johnson.

   i.   **Whether the default was culpable or willful**

3

To begin, nothing in the record indicates that Defendant's failure to file a timely answer was culpable or willful. Based on Defendant's uncontradicted assertions, he and his family have experienced significant disruption of their lives due to his family members' serious medical issues and unexpected passing. Though Defendant could certainly have put forth more effort to ensure an answer was timely filed, his delay does not rise to the level of culpable or willful behavior. This factor weighs in favor of allowing Defendant to file his answer out-of-time.

### ii. Whether setting it aside would prejudice the adversary

Second, setting aside default in this case would not prejudice Plaintiff. The case is still at the beginning stages of litigation, and the parties have not yet engaged in discovery. Indeed, Plaintiff has not argued any prejudice, and Plaintiff's having to continue to litigate the case does not count as prejudice in this context. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009) ("[T]he inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."). This factor weighs in favor of setting aside default.

### iii. Whether the defaulting party presents a meritorious defense

Defendant does not discuss any of his defenses to Plaintiff's complaint. However, Defendant currently lacks

4

counsel, so his failure to raise possible defenses is not unforeseen.  This factor weighs slightly against setting aside default.

> iv. **Whether there would be significant financial loss to the defaulting party**

Defendant does not address whether he would suffer significant financial loss were he not allowed to file his answer out-of-time.  Again, because he lacks counsel, this failure is not unforeseen.  However, he does state in his motion that he does not have the money to hire an attorney, so it is probable that a judgment against him would result in significant financial loss.  This factor weighs slightly in favor of setting aside default.

> v. **Whether the defaulting party acted promptly to correct the default**

Finally, the fifth factor weighs slightly in favor of allowing Defendant to file his answer out-of-time.  Based on Defendant's assertions, he has experienced significant disruption due to his family members' medical issues.  It appears that he filed his letter/motion within a reasonable time following those medical events.

After consideration of all the relevant factors, the Court finds that Defendant Brown's default should be set aside and he should be allowed to file an answer out-of-time.  Therefore,

Defendant's motion, dkt. no. 21, is **GRANTED**. Defendant Brown shall have **fourteen (14) days** from the date of this Order to file an answer or other response to Plaintiff's complaint.

Additionally, regarding Defendant Brown's assertion that he does not have the financial means to hire a lawyer to represent him, the Court notes that Defendant, as a party to this lawsuit, has a statutory right to represent himself in this matter. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

## CONCLUSION

Defendant Brown's letter, construed as a motion to set aside default, is **GRANTED**. He has **fourteen (14) days** from the date of this Order to file a response to Plaintiff's complaint.

**SO ORDERED**, this 26 day of July, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6