# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| RHONAL DIXON,<br><br>    Plaintiff,<br><br>v.<br><br>LEN DAVIS, WILL KIRTON, MARK STONE, OLIVER LOGGING COMPANY, INC., TIMOTHY SKYLER OLIVER, TOMMY BROWN, AND B. BROWN TRUCKING, LLC,<br><br>    Defendants. | 5:23-CV-14 |

### ORDER

Before the Court is Defendant Oliver Logging Company, Inc.'s (the "Company") motion to dismiss Plaintiff Rhonal Dixon's complaint.  Dkt. No. 7.  The motion has been fully briefed and is ripe for review.  Dkt. Nos. 7, 11, 16.  For the reasons stated below, the motion is **GRANTED**.

### BACKGROUND

This case arises from a dispute over the removal of several pieces of heavy equipment from Plaintiff's possession.  Plaintiff Rhonal Dixon is a resident of Brantley County, Georgia, and he alleges that he owns the items of equipment that are the focus of this case.  Dkt. No. 1 ¶¶ 11-13, 18.  Plaintiff alleges that on October 7, 2022, Sheriff Len Davis, Deputy Sheriff Will Kirton,

Deputy Sheriff Mark Stone, Timothy Oliver, and another agent of the Company came to his residence and removed Plaintiff's homemade trailer and a trailer bumper.  Id.  Plaintiff alleges that this removal was unlawful because he was the owner of the equipment and there was "never any judicial process or Court order" directing the law enforcement officers to remove the equipment from his possession.  Id. ¶¶ 14–16, 28.

Plaintiff filed this action on February 21, 2023.  Id. at 12. Plaintiff brings against the Company a civil rights claim pursuant to 42 U.S.C. § 1983, state law claims of conversion, trover and trespass, and a claim for attorney's fees.  Id. at 7–11.

Plaintiff was required to serve the Company on or before May 22, 2023.  Dkt. No. 17 at 1; Fed. R. Civ. P. 4(c), (m).  On June 2, 2023, the Court ordered Plaintiff to show cause as to whether all Defendants had been served process.  Dkt. No. 6.  The Court gave Plaintiff the option of "providing proof of service" or "explaining why Defendants . . . have not yet been served."  Id.

On June 5, 2023, Defendants Oliver Logging Company and Timothy Oliver filed the present motion to dismiss, arguing, *inter alia*, insufficient service of process.  Dkt. No. 7.  Plaintiff responded to the Show Cause Order on June 21, 2023, stating that because the Oliver Defendants "are challenging service," "Plaintiff has sent the summons and complaint to the Sheriff of Ware County for

service." Id. Plaintiff then requested until June 30, 2023 to file proof of service on these two Defendants. Id.

Plaintiff did not file proof of service before June 30, 2023. Dkt. No. 17 at 2. At no point before the Court entered another Show Cause Order on July 6, 2023, did Plaintiff file proof of service. Id. Plaintiff also provided no explanation as to why service had not been perfected during this time. Id. In a second Show Cause Order, the Court required Plaintiff to "show good cause why he has not effected service on the Oliver Defendants" and allowed Plaintiff five days to make this showing. Id. The Court warned Plaintiff at this time that "failure to comply with the Court's Order will result in dismissal of his claims against the Oliver Defendants." Id.

Plaintiff responded to the second Show Cause Order on July 6, 2023. Dkt. No. 18. Therein, Plaintiff stated the following:

> The Plaintiff was unable to obtain current residential address information as to Timothy Skyler Oliver to provide to the Sheriff. Oliver Logging Company, Inc. was served by a lawful deputy sheriff of Ware County, who served Tim Oliver [] on June 22, 2023. Tim Oliver is the registered agent for the corporation. The service upon Oliver Logging Company is being served simultaneously.

Id. at 1. Filed alongside this response was a proof of service on the Company dated June 22, 2023. Dkt. No. 19. Plaintiff offered no other explanation.

3

## DISCUSSION

The Federal Rules of Civil Procedure require a plaintiff to properly serve a defendant with both a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Service must be done within the time allotted under Rule 4(m). Id. Rule 4(m) requires that the plaintiff complete service upon the defendant within ninety days of filing the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to properly effect service during this ninety-day period, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice, . . . or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Good cause for failure to timely serve the defendant exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Bd. of Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original) (internal quotation marks omitted).

Absent a showing of good cause, the Court has the discretion to extend the time for service of process, such as when application of the statute of limitations would preclude the plaintiff's claim. Id.; see also Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendments. Ultimately, if the defendant was not properly served

4

under controlling law, the plaintiff's complaint is subject to dismissal under Rule 12(b)(5).  <u>Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.</u>, 96 F.R.D. 175, 178 (S.D. Ga. 1982).

Unless a waiver of service has been filed—and in this case it was not—Federal Rule 4(h) provides that a domestic corporation like Defendant Oliver Logging Company must be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).  Federal Rule 4(e)(1) states that service of process may also be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  The relevant state law in Georgia is O.C.G.A. § 9-11-4.

Georgia law provides that service of process upon a corporation may be perfected in two ways: delivery of a copy of a summons and complaint (1) upon the president or other officer of the corporation, a managing agent thereof or (2) upon the

corporation's registered agent. O.C.G.A. § 9-11-4(e)(1)(A). Proof of service must be filed with the Court pursuant to O.C.G.A. § 9-11-4(h).

Plaintiff failed to properly serve the Company in a timely manner. Plaintiff was required to serve the Company on or before May 22, 2023. Dkt. No. 17 at 1. He did not. Id. Plaintiff did not serve the Company within the ninety-day time requirement imposed by Rule 4(m). On July 6, 2023, the Court required Plaintiff to show good cause as to why he did not properly serve the Company. Dkt. No. 17 at 2. Plaintiff did not show good cause or argue that good cause existed. Plaintiff explained only that "Oliver Logging Company, Inc. was served by a lawful deputy sheriff of Ware County, who served Tim Oliver [] on June 22, 2023." While Tim Oliver was an officer of the corporation, dkt. no. 7-1 at 1, and Georgia law allows service by a sheriff's deputy, O.C.G.A. § 9-11-4(c)(1), service was not properly made during the required ninety-day period. Without a showing of good cause, the Court may dismiss Plaintiff's action without prejudice. Fed. R. Civ. P. 4(m).

## CONCLUSION

For these reasons, Oliver Logging Company's motion to dismiss, dkt. no. 7, is **GRANTED,** and Plaintiff's claims against it are **DISMISSED without prejudice.** The Clerk is **DIRECTED** to terminate Oliver Logging Company as a defendant in this action.

**SO ORDERED** this 6th day of October, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA